[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, U.S. Fidelity/Guaranty, has requested that judgment be opened because it did not have an opportunity to file a brief regarding the question of whether the plaintiff, Elwell, was entitled to profit and overhead.
The court permitted the judgment to be opened, received the defendant's brief and held a hearing on the issues raised on November 15, 1993.
In its brief, the defendant cited several federal cases and provided the court with the legislative history of Connecticut General Statutes 49-42 et seq. The defendant also challenged the court's ruling on payment for the Davis drawings and its ruling regarding payment of attorney's fees.
The parties agree that there is no Connecticut case which details the issue of profit and overhead other than to suggest that the parties look to the federal cases for guidance.
The court, therefore, finds that absent clear law that the plaintiff cannot recover profit and overhead he may do so in order to be made whole in this case. The plaintiff could have recovered loss of profits from the prime contractor had it been the defendant in this case. CT Page 10066
"A subcontractor can maintain action against a prime contractor for loss of profits caused by the latter's breach of contract, but cannot maintain such action against surety on prime contractor's Miller Act bond." United States v. Hartford Accident Indemnity Co., 204 F. Sup. 353 (1962).
Since the plaintiff was precluded from suing Barr, Inc. for profits and overhead by the defendant's failure to comply with the statute, it may recover these damages from the defendant.
The court finds from a review of the entire record that the surety's denial of liability after failing to comply with the ninety day time limit to either pay or deny the claim permits the court to award attorney's fees to the plaintiff in the amount set fourth in the courts original judgment.
Finally, the issue of payment for the Davis drawings was already denied and counsel has made no new arguments in that regard in its brief.
The judgment of the court will therefore stand as originally filed.
Hurley, J.